UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EARNEST TATE**                                                                                         **PLAINTIFF**

v.                                           **CASE NO. 4:06-CV-00446 GTE**

**LABORATORY CORPORATION
OF AMERICA HOLDINGS**                                                                    **DEFENDANT**

<u>**ORDER**</u>

The Court *sua sponte* raises the issue of whether it may exercise federal subject matter jurisdiction in this action. On April 11, 2006, Defendant removed this case from Pulaski County Circuit Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Although the parties appear to be completely diverse, a serious issue exists regarding the amount in controversy requirement.  Plaintiff's complaint seeks $46,000, costs and expenses associated with overturning the order of paternity that he contends was entered as a result of Defendant's wrongdoing, and attorneys' fees and costs incurred in the prosecution of the present case pursuant to Arkansas Code Annotated § 16-22-308.

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.,* 161 F.3d 1137, 1141 (8th Cir.1998) (internal citations and quotations omitted)**.**  Additionally, the court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

The Court need not wait on a party to challenge the Court's subject matter jurisdiction.  It

may, and is arguably obliged to, raise the issue *sua sponte*.[1]  "If the court determines at any time or at any stage of the proceedings, that federal jurisdiction is lacking, the court is obligated to remand to state court actions improperly removed to federal court or to dismiss actions improperly filed in federal court originally."  *Norwood v. Simmons*, 788 F.Supp. 1020, 1023 (W.D. Ark. 1991).  *See also* Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Because "subject matter jurisdiction is not waived if not raised in the trial court," the appellate court may also raise and consider the issue *sua sponte*.  *Boatmen's First Nat. Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638, 640, n. 4 (8th Cir. 1995).  Thus, independently of the jurisdictional limits on a district court's power to act, considerations of judicial economy also dictate that issues of suspect subject matter jurisdiction be raised and resolved early in litigation.  No one benefits if a case is resolved on the merits in district court, but the ruling(s) are later set aside because it is subsequently determined that the district court lacked the authority to decide the case.

Where jurisdiction is based on diversity, the Court must acknowledge its lack of jurisdiction whenever "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir.2002) (internal citations and quotations omitted).   If "the court questions whether the amount alleged is legitimate, [then] the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the

---

[1]  *See, e.g., Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 916 (8th Cir. 2001)("a question of subject-matter jurisdiction may be raised *sua sponte* at any time").

evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).

In a letter to the parties dated December 29, 2006, the Court noted its concern regarding the amount in controversy necessary for subject matter jurisdiction in this Court and directed the parties to file a detailed statement of damages in this case. In response to the Court's request, Defendant states, "In my experience, . . . Plaintiff's combined fees and costs will undoubtedly exceed the $29,000 necessary to meet the jurisdictional amount of $75,000." Defendant further states, "In the event that Plaintiff now objects to subject matter jurisdiction of this Court, Defendant requests that Plaintiff be required to stipulate that he will not seek to recover in excess of $75,000 in state court." Plaintiff states that to date the total damages of the Plaintiff are $56,503.67. Plaintiff further states, "At the inception of this case it was difficult to estimate the extent of attorney's fees and expenses which Plaintiff "may" incur through conclusion of the case. . . . it is inconceivable to Plaintiff that an additional $18,496.33 would be incurred for final trial preparation and trial. . . . In light of the foregoing, Plaintiff accepts Defendant's request for a stipulation that damages will not exceed $75,000.00." Therefore, the Court finds that it has no subject matter jurisdiction, as the amount in controversy requirement for diversity jurisdiction has not been satisfied. This case is remanded to the state court from which it was removed.

Accordingly,

IT IS THEREFORE ORDERED that this case is REMANDED to the state court from which it was removed.

IT IS FURTHER ORDERED that the Motion to Dismiss (Dkt. #11) be, and it is hereby, DENIED without prejudice to refiling in the state court proceedings.

Dated this 16th day of January, 2007.

                                           /s/Garnett Thomas Eisele_____
                                           UNITED STATES DISTRICT JUDGE